IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roxanne Demetrius Nelson, ) | C/A No. 9:16-cv-2647-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On November 15, 2017, Magistrate Judge Bristow Marchant issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be affirmed. ECF No. 18. On December 15, 2017, Plaintiff filed objections to the Report, ECF No. 23, and the Commissioner filed a reply on December 29, 2017, ECF No. 24. For the reasons stated below, the Court adopts the Report and incorporates it herein by reference.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71. The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of

1

the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## BACKGROUND

Plaintiff applied for DIB and SSI on September 12, 2011, alleging that she has been disabled since November 25, 2010, due to major depressive disorder, headaches, bipolar disorder, post-traumatic stress disorder, high blood pressure, and panic attacks. Plaintiff's claims were denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on January 9, 2013. The ALJ denied Plaintiff's claims in a decision issued January 25, 2013. The Appeals Council denied Plaintiff's request for a review, making the determination of the ALJ the final decision of the Commissioner. Plaintiff then filed an action in the United States District Court for the District of South Carolina seeking judicial review of the Commissioner's final decision. *Nelson v. Colvin*, No. 9:13-cv-2791-RBH. In an

Order dated January 14, 2015, the Court reversed the Commissioner's decision and remanded the case for further proceedings. Thereafter, new hearings were held before the ALJ on January 29, 2016, and April 22, 2016. The ALJ issued a decision on May 27, 2016, again finding that Plaintiff was not disabled within the meaning of the Act. Plaintiff did not seek review from the Appeals Counsel, and the ALJ decision of May 27, 2016, is the final decision of the Commissioner.

## DISCUSSION

The Magistrate Judge recommends that the Court affirm the Commissioner's decision because it is supported by substantial evidence and the proper legal standards were applied. Plaintiff objects to the Report, claiming that the Magistrate erred in finding that the ALJ: (1) properly considered and weighed the opinions of medical professionals; (2) appropriately determined that Plaintiff did not meet the requirements of Listing 12.04; and (3) properly evaluated Plaintiff's credibility. For the reasons discussed below, the Court adopts the Report.

**I. Opinions**

First, Plaintiff alleges that the ALJ's consideration and weighing of various medical opinions was erroneous. Specifically, Plaintiff contends "that the Magistrate denigrates the opinion of Dr. Cathleen Kouvolo, a treating psychiatrist at the Charleston Mental Health Center," ECF No. 23 at 3, and that the Magistrate dismissed or ignored the opinions of counselor Ashley Lauderdale and case manager Patty Chrysostom. ECF No. 23 at 5. After reviewing the record and submissions of the parties, this Court overrules Plaintiff's objection.

As the Magistrate noted, "the ALJ specifically considered Dr. Kouvolo's opinions, but accorded them little weight." ECF No. 18 at 18. There is substantial evidence in the record to support this because Dr. Kouvolo only saw Plaintiff one time and noted that Plaintiff's mental status examination was unremarkable. Significantly, Dr. Kouvol's recommendations on the

3

assessment forms do not align with her own treatment notes or the medical records from other providers. *See Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) ("[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."). Similarly, as to Ms. Lauderdale, the ALJ afforded her opinion some weight despite the fact that she was not an acceptable medical source pursuant to the regulations in place at the time and because her opinions are not supported by objective findings in the record. Finally, as to Ms. Chrysostom, Plaintiff has not indicated what evidence, if any, the ALJ failed to consider in fashioning the decision. In sum, the ALJ's opinion is well supported by the record in this case, and there is substantial evidence to support the ALJ's weighing of the evidence.

## II.     Listing 12.04

Next, Plaintiff alleges that the Magistrate erred in finding that the ALJ appropriately considered the evidence in concluding that Plaintiff did not have marked restrictions in Paragraph B of Listing 12.04. The Commissioner, on the other hand, contends that the ALJ sufficiently explained the Listing analysis and that substantial evidence supports the finding that Plaintiff was not disabled under the Act. The Court agrees with the Commissioner.

Listing 12.04 relates to Affective Disorders and is met when the requirements in both Paragraphs A and B are satisfied, or when the requirements in Paragraph C are satisfied. Plaintiff's objection is directed at the ALJ's finding that Plaintiff's conditions did not satisfy the requirements of Paragraph B, which requires that Plaintiff have an affective disorder set out in Paragraph A that results in *at least two* of the following: (1) Marked restriction of activities of daily living; (2) Marked difficulties in maintaining social functioning; (3) Marked difficulties in maintaining

concentration, persistence, or pace; or (4) Repeated episodes of decompensation, each of extended duration. 20 C.F.R. § 404, Subpart P, App'x 1, § 12.04(B).

As the Magistrate noted, "[t]he ALJ determined that Plaintiff had no more than mild limitations in her activities of daily living; no more than moderate limitations in social functioning and with respect to concentration, persistence or pace; and that she had experienced no episodes of decompensation which have been of extended duration." ECF No. 18 (citing ECF No. 11-1 at 10). The Court has reviewed the ALJ's analysis of the Paragraph B factors and finds that, in light of the record as a whole, there is substantial evidence to support each of the ALJ's findings. Moreover, Plaintiff's objections are not specific as to which of the two factors in Paragraph B are erroneous. Accordingly, Plaintiff's objections as to Listing 12.04 are overruled.

## III. Credibility

Finally, Plaintiff contends that the Magistrate erred in finding that the ALJ did not improperly consider evidence of Plaintiff's untruthful statements or exaggerations. After reviewing the record and submissions of the parties, the Court agrees with the Magistrate that the ALJ's "decision does not reflect that the ALJ discounted Plaintiff's testimony based on her history of drug use and criminal activity." ECF No. 18 at 13. Instead, the ALJ evaluated Plaintiff's objective medical records and determined that her subjective complaints and testimony were not supported in some aspects by the objective record. Similarly, the ALJ's reference to Plaintiff's Global Assessment of Functioning scores was not improper, as the ALJ evaluated these scores in the context of Plaintiff's entire medical records. In sum, the Court finds that the Magistrate properly recommended affirming the ALJ's evaluation of Plaintiff's credibility.

## **CONCLUSION**

For the reasons set forth above, the Court adopts the Report and affirms the decision of the Commissioner.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

March 29, 2018
Spartanburg, South Carolina